ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariana Valentina Castaneda Orrego,<br><br>Petitioner,<br><br>v.<br><br>Fred Figueroa, et al.,<br><br>Respondents. | No.   CV-26-00399-PHX-SHR (DMF)<br><br>**ORDER** |

On January 22, 2026, Petitioner filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus seeking release from immigration detention. (Doc. 1). Therein, Petitioner avowed that she was ordered removed to Colombia on July 21, 2025, that there was no likelihood of removal to Colombia because she had also been granted withholding of removal pursuant to the Convention Against Torture (CAT), and argued that her continued detention[1] was in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). By Order dated January 26, 2026, the Court ordered Respondents to show cause for why the Petition should not be granted. (Doc. 5). The Order to Show Cause specifically warned that "[a]ny response must be supported by documentary evidence including, if applicable, affidavits from individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury." (*Id.*). The Petition is now fully briefed. (Docs. 6, 8). For the following reasons, the Court will grant the Petition and order Petitioner be released from custody.

---

[1] Petitioner was taken into ICE custody in December 2024. (Doc. 1 at 2).

**I.    Legal Standard**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final.  Detention during this removal period is mandatory.  8 U.S.C. § 1231(a)(2).  If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary.  8 U.S.C. § 1231(a)(6).  That discretion, however, is not unfettered, and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention.").  This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired.  533 U.S. at 701.  Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment.  *Id.*  The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)).  *Id.*  Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  *Id.* at 699.

**II.    Discussion**

Here, Petitioner's removal order became final no later than approximately August 21, 2025 (30 days after the IJ's removal order).  8 C.F.R. § 1241.1. Accordingly, as of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*.  As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

The Court finds Petitioner has satisfied her initial burden because she has been granted withholding of removal to Colombia pursuant to the CAT. (*See* Doc. 1 at 4). There is thus "good reason" to believe there is no significant likelihood of her removal to Colombia in the reasonably foreseeable future. The burden thus shifts to Respondents to rebut that showing "with evidence sufficient." 533 U.S. at 699.

Respondents have failed to do so because they have not provided any evidence, sufficient or otherwise. In their Response, Respondents state only that they "are attempting to remove her to a permissible third country." (Doc. 6 at 1.) Respondents do not describe with any specificity what their "attempts" consist of or explain how Petitioner's removal is reasonably foreseeable. While Respondents make several references to "Exhibit A," no exhibits or other evidence were included with the Response.[2] Indeed, Respondents also state—again, without evidentiary support—they have "contacted the Mexican consulate to see if Mexico would allow Petitioner to self deport," but provide no argument on whether Mexico has responded to that inquiry or, more importantly, whether Petitioner would agree to it. (*Id.* at 2). Even assuming *arguendo* that these avowals had evidentiary support, they would not support a significant likelihood Petitioner will be removed in the reasonably foreseeable future. This is insufficient to discharge Respondents' burden under both the Court's January 26, 2026 Order to Show Cause and *Zadvydas*. On the record presented, no evidence supports there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Accordingly, the Court will grant the Petition and order she be immediately released from custody.

---

[2] It appears "Exhibit A" was intended to be a "Declaration of Steven M. Poli." (*Id.*). It is unclear who this individual is. Assuming Mr. Poli is an immigration officer, this would be consistent with numerous similar filings Respondents have made in other immigration cases in this District over the past several months. In many of those cases, similar immigration officer declarants lacked personal knowledge of the facts to which they were attesting, often only providing a rote recitation of a petitioner's "file" or "records" without attesting that they had any involvement in the production of those records or that the events purportedly described therein were accurately described. As such, even if the Court accepted the apparent declaration as evidence, it would not be sufficient to satisfy Respondents' burden under both the Court's January 26, 2026 Order to Show Cause and *Zadvydas*.

**IT IS ORDERED**:

(1) The Petition for Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3) Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(4) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 6th day of March, 2026.

Honorable Scott H. Rash
United States District Judge